**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**RONNIE DESORMEAUX L L C** — **CASE NO. 2:20-CV-01472**

**VERSUS** — **JUDGE JAMES D. CAIN, JR.**

**LUCY G SIKES ET AL** — **MAGISTRATE JUDGE KAY**

**MEMORANDUM RULING**

Before the Court is an Appeal from the Bankruptcy Court wherein Appellant, Ronnie Desormeaux, LLC appeals the Final Order which denied its Applications for Administrative Expenses. In the bankruptcy matter of *In re Patel,* Desormeaux, an unsecured creditor, filed two administrative-expense applications. The first application was based on an alleged substantial contribution while the case was in Chapter 11, and the second application was based on substantial contribution after the case was converted to Chapter 7.

This appeal raises the following issues:

1. Whether the bankruptcy court abused its discretion in denying as untimely Desormeaux's administrative-expense claim based on its alleged substantial contribution in the Chapter 11 case.

2. Whether the bankruptcy court clearly erred in finding that Desormeaux did not bear its burden to prove it made a substantial contribution in the Chapter 11 case.

3. Whether the bankruptcy court abused its discretion in denying Desormeaux's request to continue the substantial-contribution hearing.

4. Whether the bankruptcy court erred in holding that 11 U.S.C. § 503(b)(3)(D), which permits substantial-contribution claims for expenses incurred "in a case under Chapter 9 or 11," does not permit such claims for expenses incurred in Chapter 7 cases.

**STATEMENT OF THE CASE**

Girish P. Patel ("Debtor") filed a voluntary bankruptcy petition under Chapter 11 of the Bankruptcy Code on June 13, 2016.[1] Debtor disclosed ownership interest in the business which owned interests in three (3) hotels in and around Lake Charles, Louisiana.[2] Appellant, Ronnie Desormeaux, LLC ("Desormeaux") is an unsecured creditor of the bankruptcy estate.[3] After investigating Debtor's finances, Desormeaux moved to convert the Chapter 11 bankruptcy to Chapter 7. Before the hearing on the conversion, Debtor voluntarily converted his Chapter 11 bankruptcy to a Chapter 7.

The Chapter 7 Trustee filed a Notice of Assets and the Notice to File Proofs of Claim on April 9, 2018, and set the last day to file proof of claims ("Bar Date") as July 8, 2018.[4] Desormeaux filed his first application for attorneys' fees and expenses on July 8, 2018, seeking a priority designation for attorneys' fees and expenses incurred in making a substantial contribution to the Chapter 11 case pursuant to Section 503(b) of the Bankruptcy Code.[5]

[1] BK Doc. 1 (Doc. 1-3).
[2] Id. BK 5.
[3] Id. BK 1.
[4] Id. BK 118, 119.
[5] Id. BK 148.

Desormeaux maintained an adversary case against the Debtor from May 27, 2018 through July 7, 2020, which Desormeaux alleges yielded additional assets to the estate.[6] On July 18, 2020, Desormeaux filed a supplement administrative application for expenses incurred in prosecuting the adversary case pursuant to Section 503(b).[7] On November 30, 2020, the bankruptcy court entered a final order denying both applications for administrative claims and also denying Desormeaux's motion to continue.[8]

The district court has appellate jurisdiction over this case pursuant to 28 U.S.C. § 158(a)(1) which grants district courts jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. The bankruptcy court had jurisdiction over Girish P. Patel's bankruptcy case under 28 U.S.C. § § 157(a) and (b), and 1334(a).

**INTRODUCTION**

The Bankruptcy Code sets priorities of paying claims, dictating that certain kinds of claims get paid before others. See 11 U.S.C. § 507(a); *Czyzewski v. Jevic Holding, Corp.*,137 S.Ct. 973, 983 (2017). Section 507 lists the type of claims that are entitled to priority of payment over other claims, meaning that they must be paid in full before claims of lesser priority receive anything. See 11 U.S.C. § § 507, 726, 1129(a)(9). Administrative expenses, as defined in section 503(b), receive second priority and are paid before any payments are made to most other unsecured creditors. 11 U.S.C. § 507(a)(2).

Under the American Rule, creditors must bear their own attorney's fees and costs, unless a Bankruptcy Code provisions specifies otherwise. See *Baker Botts L.L.P. v*

[6] 18-ap-2006, R. 29.
[7] Doc. 1-3, BK 182.
[8] Id. BK 205.

*ASARCO LLC*, 576 U.S. § 121, 126 (2015). Congress created a narrow exception to this general rule in 11 U.S.C. § 503(b)(3)(D) and (b)(4) which allows creditors that have made a "substantial contribution" in a case "under Chapter 9 or 11" to recover their actual, necessary expenses, including their attorney's fees and expenses, as a priority administrative expense. See 11 U.S.C. § 507(a) (priority of distribution).

Section 503(a) and Bankruptcy Rule 1019 govern when requests for administrative expenses must be filed. Section 503(a) provides: "An entity may timely file a request for payment of an administrative expense or may tardily file such request if permitted by the court for cause." 11 U.S.C. § 503(a). Rule 1019(6) of the Federal Rules of Bankruptcy Procedure provides that "[a] request for payment of an administrative expense incurred before conversion of the case is timely filed under § 503(a) of the Code if it is filed before conversion or a time fixed by the court."

On February 8, 2018, the bankruptcy court entered an order to convert the Chapter 11 case to a Chapter 7 case.[9] On July 8, 2018, Desormeaux (Appellant) sought $24,658.90 as a priority administrative expense based on substantial contribution to the Chapter 11 case (hereinafter referred to as the "Original application").[10] On July 18, 2020, Desormeaux sought an additional $29,599.09 as a priority administrative expenses on his substantial contribution on the Chapter 7 case (hereinafter referred to as the "Supplemental Application").[11]

---

[9] Doc. 8-1, p. 206; BK 108 (Doc. 1-3).
[10] Doc. 2-1, p. 76; BK 148 (Doc. 1-3).
[11] Doc. 2-1, p. 95.

On November 3, 2020, the bankruptcy court denied the substantial-contribution claims of creditor, Appellant Ronnie Desormeaux LLC ("Desormeaux") under 11 U.S.C. § 503.[12]

*The Bankruptcy Court's Ruling*

On October 22, 2020, the bankruptcy court rendered an oral ruling denying Desormeaux's applications.[13] The court denied Desormeaux's application for pre-conversion expenses because it was untimely, and even if it was timely, Desormeaux had not shown cause for the untimely filing, and even if it had, Desormeaux failed to show a substantial contribution.[14]

Bankruptcy Rule 1019 (6) provides that when a case is converted from Chapter 11 to Chapter 7, applications seeking allowance of administrative expenses must be filed prior to conversion of the case.

Consequently, the Court found that Desormeaux's application for pre-conversion expense, filed five-months post conversion, was not timely under Bankruptcy Rule 1019.[15] The Court acknowledged that before the hearing on Desormeaux's motion to convert, Mr. Patel voluntarily converted to a Chapter 7.[16] The court found that Desormeaux "received notice of this conversion, yet waited five months before submitting the application for an administrative expense claim based on a substantial contribution.[17] The Court remarked

[12] Doc. 1-3, BK 205.
[13] Doc. 1-3.
[14] ER. 171-72.
[15] ER 167.
[16] Id.
[17] Id.

that Desormeaux had failed to explain or give cause for filing his application beyond the deadline. The bankruptcy court also independently denied Desormeaux's Chapter 11 substantial contribution claim because he failed to show that he made a substantial contribution. The bankruptcy court denied Desormeaux's Chapter 7 administrative claim for substantial contribution as not authorized by statute.

Desormeaux seeks to have this Court reverse the bankruptcy court's decision on the legal issues pertaining to the First and Second Applications, and remand the case to the bankruptcy court with instructions to permit Desormeaux to conduct limited discovery on the Trustee's objections, followed by an evidentiary hearing on the applications for compensation/administrative expense.

## ORIGINAL APPLICATION

*Timeliness of the application*

Rule 503(a) provides that "[a]n entity may timely file a request for payment of an administrative expense or may tardily file such request if permitted by the court for cause." Timeliness of the request in this particular matter is addressed in Rule 1019(6) of the Federal Rules of Bankruptcy Procedure, which governs matters when a case under Chapter 11 has been converted to a case under Chapter 7. Rule 1019(6) provides, in pertinent part:

> (6) Postpetition claims; preconversion administrative expenses; notice
>
> A request for payment of an administrative expense incurred before conversion of the case is timely filed under § 503(a) of the code if it is filed before conversion or a time fixed by the court.

Desormeaux maintains that there is no *per se* bar under Rule 1019(6) of the Federal Rule of Bankruptcy Proceeding that would prohibit filing an administrative application after the date of conversion. The Debtor filed a Notice of Conversion to Chapter 7 on January 23, 2018,[18] and the Bankruptcy Court entered the Conversion Order on February 9, 2018.[19] The United States Trustee and the Chapter 7 Trustee (collectively referred to as the "Trustees") maintain that in order to be timely, Desormeaux must have filed the Original Application on February 9, 2018.

This Court must determine if the bankruptcy court abused its discretion in finding that Desormeaux did not show cause for filing the application five (5) months after the deadline. The Trustees argue that Desormeaux failed to provide a valid reason for the delay in filing the application. See *In re DPH Holdings*, 494 F.App'x at 136 (affirming denial of request for untimely filed administrative application where movant "failed to provide any reasonable explanation for its failure to timely file"); *Bierne, Maynard & Parson, L.L.P. v. Cypresswood Land Partners, I*, 2011 WL 13324169, at *10 (S.D.Tex. Mar. 3, 2011) (affirming as "well within the bankruptcy court's discretion" denial of late-filed administrative fee application where applicant provided no reason for the late filing.); *cf. Hunt U.S. Postal Serv.*, 30 F.3d 1493, 1994 WL 399141, at *1 (5th Cir. 7/21/94) (affirming dismissal because the defendant was not timely served where the plaintiff "has offered no reason" for being untimely); *Sims v. The Great-West Life Ass. Co.*, 941 F.2d 368, 372 (5th Cir. 1991) (denying untimely motion for appellate costs, holding that '[i]n the complete

[18] Doc. 8-1, p. 203.
[19] Id. p. 206.

absence of such an explanation [for movant's delay], good cause for the delay has not been shown").

The Court has reviewed the bankruptcy court's record.[20] At the hearing, counsel for Desormeaux remarked that the prior bankruptcy judge had approved an administrative application filed after conversion in the case that was filed by the Debtor's attorney, despite objections by the Trustee.[21] However, no one raised a timeliness issued with regards to Rule 1019(6) or Rule 503.[22] Counsel then argued that out of fairness, the court should approve the application.[23]

Counsel then argued that the application that pertained to the Chapter 11 case, filed after conversion to Chapter 7, was done so because Desormeaux had filed a Motion to Convert. That motion was pending while the Debtor and Desormeaux were in negotiations about terms of a Chapter 11 plan.[24] Desormeaux and the Debtor were not able to reach an agreement, however, the Debtor filed its own voluntary Motion to Convert.[25] Desormeaux maintains that because he had previously filed a Motion to Convert, no conversion would take place until after a hearing on its motion.[26]

Counsel then argued that pursuant to Rule 503(a), when the Chapter 7 Trustee filed a Notice of Assets and a Notice of Time to File Proof of Claims which was after the Debtor filed its Motion to Convert, counsel and Desormeaux were under the impression that the

[20] ER 99, 105-08, 129-132.
[21] Doc. 4, p. 5:18-21.
[22] Id. p. 5:22-25.
[23] Id. p. 6:4-8.
[24] Id. p. 6.
[25] Id.
[26] Id.

Trustee was requesting notice of claims which included the application for administrative expenses. Desormeaux asserts that the Original Application for administrative expenses was filed on the Bar Date set by the Chapter 7 Trustee.[27]

The Trustees remark that the bankruptcy court noted that no request had been made to fix a deadline for filing fees applications, and the court did not fix a different deadline for filing a pre-conversion administrative expense application. Thus, the Trustees argue that this Court can conclude that Desormeaux's Original Application was untimely. The Court agrees that the Original Application was filed untimely.

Because the Original Application was untimely filed, this Court must determine if the bankruptcy court committed error in finding no cause for the untimely filing. The record reflects that the Bankruptcy Court reviewed whether Desormeaux had established "cause" for its untimely filing of the Original Application.[28] The bankruptcy court relied on cases such as *In re Cripss*,549 B.R. 836, 857-858 (Bankr. W.D. Mich. 2016) *aff'd,* 566 B.R. 172 (W.D. Mich. 2017) and *In re Richfield Equities, L.L.C.*, 556 B.R. 313, 317 (Bankr. E.D. Mich. 2016). The bankruptcy court specifically considered whether "the delay was caused by the movant or some other intervening and perhaps unavoidable event." *Id.*

Desormeaux argued that the bankruptcy court should allow the untimely Original Application because the judge has discretion to allow post-conversion applications for cause and had approved another administrative-expense application for Debtor's attorney's fees which were filed after conversion.

---

[27] Id. p. 8:1-2.
[28] Doc. 5, Appx. B., pp. 10-15.

The bankruptcy court noted that Desormeaux failed to explain why it took five months to get the application filed considering that Desormeaux had been pressing conversion of the case and knew conversion would happen. Furthermore, Desormeaux filed its Motion to Convert on September 25, 2017.[29] Desormeaux had notice on January 23, 2018, that the Debtor assented to a voluntary conversion. The Order converting the case was issued on February 9, 2018.[30] Desormeaux filed his Original Application on July 8, 2018, some five months after the Order converting the case from a Chapter 11 to a Chapter 7 case. This Court finds no abuse of discretion in the Bankruptcy Court's rulings that the Original Application was untimely, and that Desormeaux failed to meet his burden to establish "cause." See *In re Wooten,* 620 B.R. 351, 356-357 (Bankr. D.N.M. 2020).

*Substantial contribution*

The bankruptcy court concluded that Desormeaux had failed to bear its burden to show a substantial contribution in the Chapter 11 case. See *In re Consol. Bancshares, Inc.* 785 F.2d 1249 (5th Cir. 1986). "[T]he phrase 'substantial contribution' in section 503 means a contribution that is considerable in amount, value or worth." *In re DP Partners*¸106 F.3d 667, 673 (5th Cir. 1997). The bankruptcy court found that Desormeaux's expenses were aimed at furthering its own agenda, and not for the benefit of the estate or the creditors as a whole.[31] The court further found that "most of the work

[29] Doc. 2-1, p.1.
[30] Doc. 8-1, p. 206.
[31] ER 170-71.

was aimed at conversion, which has nothing to do with enhancing the reorganization process, or even a sale process that may have benefitted all of the creditors."[32]

Desormeaux argues that pursuing conversion of a case is grounds for a substantial contribution administrative expense claim.

"Substantial contribution" analyses are made on a case-by-case basis and depend on a finding of an actual and demonstrable benefit to the debtor's estate and the creditors. *In re United Container, LLC,* 305 B.R. 120 (M.D.Fla 2003); see also *In re DP Partners, Ltd. Partnership,*106 F.3d 667, 673 (5th Cir. 2/28/1997) (The development of a more concrete standard of substantial contribution is best left on a case-by-case basis. At a minimum, however, the court should weigh the cost of the claimed fees and expenses against the benefits conferred upon the estate which flow directly from those actions).

The Trustees maintain that Desormeaux failed to explain how its activities "conferred a significant and demonstrable benefit to the debtor's estate and the creditors." *In re Cons. Bancshares,* 785 F.2d 1249, 1253 (5th Cir. 1986). The Trustees complain that Desormeaux did not attempt to show how its alleged contribution outweighed the cost of the $24,658.90 award it sought and the only evidence it submitted was its billing records.[33] The U.S. Trustee argues that Desormeaux has failed to submit evidence to support its assertion that its actions caused the conversion and benefitted the estate, nor does Desormeaux cite any record evidence that its efforts to convert the case went beyond routine activities or that the conversion provided a benefit to the estate that was

---

[32] IR 171.
[33] ER 57-67.

"considerable in amount, value or worth," *In re DP Partners,* 106 F.3d at 673, especially as compared to the amount of fees sought.

The Court finds that the bankruptcy court did not abuse its discretion in finding that the Original Application was untimely and that Desormeaux failed to show just for filing its Application untimely. The Court further finds no error in the bankruptcy court's finding that Desormeaux failed to establish a "substantial contribution" that provided a benefit to the estate.

**SUPPLEMENTAL APPLICATION**

Desormeaux filed an application for administrative expenses for work performed by its counsel during the Chapter 7 portion of the bankruptcy case. That work involved Desormeaux's attempt to deny entry of the Debtor's discharge. Desormeaux and the Debtor settled the adversary proceeding which resulted in a payment by the Debtor of $36,000. Desormeaux requested approval of $29,599.09 in attorneys' fees and expenses relating to its pursuit of the discharge complaint during the Chapter 7 case.

The bankruptcy court denied Desormeaux's supplemental application as not being authorized by statute, specifically finding that as a matter of statutory interpretation, "substantial contribution" administrative expenses are limited to those contributions made during a Chapter 9 or Chapter 11 case, and not authorized for acts conducted during a Chapter 7 case.[34] Desormeaux argues that it would have been impossible to file the

34

Supplemental Application either before the conversion or before the Bar Date. Rule 503(b)(3)(D) provides, in pertinent part, as follows:

> **(b)** After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—
>
> **(3)** the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by—
>
> **(D)** a creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders other than a committee appointed under section 1102 of this title, in making a substantial contribution in a case ***under Chapter 9 or 11 of this title***; (emphasis added)

At the hearing on the Applications, and with regard to the Supplement Application for substantial contribution that was made to the Chapter 7 case, Counsel for Desormeaux argued that its substantial contribution was not consummated until well after the conversion, making it impossible to file the application prior to the conversion.[35] Desormeaux maintains that substantial contributions made by a creditor in a Chapter 7 case are not categorically barred from being afforded administrative priority status.

The Trustees argue that "substantial contribution" claims are limited to Chapters 9 and 11 bankruptcies. See 11 U.S.C. § 503(b)(3)(D). Desormeaux filed the Supplemental Applications requesting approval of $29,599.09 in attorney's fees and expenses relating to Appellant's pursuit of the discharge complaint during the Chapter 7 case. The bankruptcy judge ruled that it was not authorized by law.[36]

---

[35] Id. p. 8:14-18.
[36] P-5, Appx. B, p. 8:11-14.

Desormeaux relies on *In re Connolly North America, LLC,* 802 F.3d 810 (6th Cir. 2015), a minority view, which held that by using the word "including" Congress did not mean to exclude anything not expressly listed in the various subparagraphs of paragraph (b). Despite the fact that the language of § 503(b) expressly states that it applies only to Chapters 9 and 11, the minority view is that the word "including " in § 503(b) means that an expansive interpretation of the statute is warranted, and therefore, substantial contribution claims should be allowed in Chapter 7 cases. In other words, *Connolly's* interpretation would expand the scope of the statute to permit an administrative expense arising from a "substantial contribution" in cases under Chapter 7.

As noted by the Trustees, the majority of courts confronting the issue of whether "substantial contribution" claims are allowable in the Chapter 7 context find that such claims are prohibited by the specific reference in 11 U.S.C. § 503(b)(3)(D) only to substantial contributions made within Chapters 9 and 11. See, e.g., *Lebron v. Mechem Financial, Inc.,*27 f.3d 937, 945 (3rd Cir. 1994) ("expenses incurred after a Chapter 11 case is converted to one under 7, however, are not recoverable pursuant to [11 U.S.C. § 503(b)(3)(D)]".

Section 503(b) provides that compensable administrative expenses include expenses related to specific activities. The Bankruptcy Code's Rules of Construction expressly state that the words " 'includes' and 'including' are not limiting". 11 U.S.C. § 102(3). Based on this language, the specified activities listed under § 503(b)—such as necessary costs of preserving the estate, compensation and reimbursement under § 330(a), etc.—are not the only activities which may qualify as compensable administrative expenses. *E.g., In re*

*United Educ. and Software*, 2005 WL 6960237, at *1 (B.A.P. 9th Cir. Oct. 7, 2005); *U.S. Trustee v. Farm Credit Bank of Omaha (In re Peterson)* 152 B.R. 612 (D.S.D. 1993).

Concerning substantial contribution, § 503(b)(3)(D) specifically limits recovery to those incurred by "a creditor,...in making a substantial contribution in a case under Chapter 9 or 11 of this title". There is no mention of Chapter 7.

The Court agrees with the Trustees that because section 503(b)(3)(D) makes no mention of Chapter 7, and section 503(b)(4) allows attorney fee awards only to entities with expenses allowable under section 503(b)(3), no such "specific and explicit" provision exists that would allow a creditor that allegedly made a substantial contribution to recoup its attorney's fees from the bankruptcy estate as a priority administrative expense in a Chapter 7 case. Numerous other courts have so held. See *In re Lloyd §., Inc.* 75 F.3d 853, 857 (3rd Cir. 1996); *In re United Educ. & Software,* 2005 WL 6960237, at *5, *7-*9 (9th Cir. 2005); *In re Morad* ,328 B.R. 264, 273 (1st Cir. 2005); *Lewis v. Scruggs (In re HealthTrio, Inc.,)*, 599 B.R. 119, 131-32 (D.Colo. 2019); *In re Fountainbleau Las Vegas Hldgs., LLC,* 574 B.R. 895, 903 (Bankr. S.D. Fla. 2017); *In re Memory Lane Assisted Living of Bowdon LLC*, 2017 WL 3475663, at *9 (Bankr. N.D. Ga. 2017); *In re Watson*, 495 B.R.88, 93-95 (D.Colo. 2013); *In re Engler*, 500 B.R. 174 (S.D. Fla. 2013); *In re Hackney*, 351 B.R. 179, 201-205 (N.D. Ala. 2006); *In re Harvey*, 2006 WL 4481990, at *2 (Bankr.D. Md. 2006). Based on the plain language of the statue, a "substantial contribution" claim is not allowable as an administrative expense under Chapter 7.

*The bankruptcy court did not abuse its discretion in denying Desormeaux's motion to continue*

Finally, Desormeaux complains that on August 4, 2020, the Chapter 7 Trustee filed an objection to the Applications which for the first time raised questions of fact regarding the Applications and its "substantial contribution" under Section 503(b). Three days before the hearing on its substantial contribution applications, Desormeaux filed a Motion to Continue Evidentiary Hearing. After arguing that the Chapter 7 Trustee's objection to its applications "raised new factual issues," and threshold legal issues, the bankruptcy judge denied the request.

Denial of a motion to continue and denial of discovery is reviewed for abuse of discretion. See *Transamerica Ins. Co. v. Avenell,*66 F.3d 715, 721 (5th Cir. 1995); see also *JP Morgan Chase Bank, N.A. v. DataTreasury Corp.*, 936 F.3d 251, 255 (5th Cir. 2019). Desormeaux maintains that the bankruptcy court abused its discretion by denying the continuance and denying Desormeaux the opportunity to conduct discovery regarding factual issues relating to its "substantial contribution".

The Trustees inform the Court that Desormeaux filed his Original Application on July 8, 2018 which is more than two years prior to the hearing on August 13, 2020. Desormeaux filed it Supplemental Application on July 18, 2020. The Trustee filed its objection on August 4, 2020. On August 10, 2020, Desormeaux filed a motion to continue the hearing. Counsel for Desormeaux filed two documents to support his Applications—its counsel's timesheets and its proof of claim.[37]

[37] P-2-1, p. 76.

The bankruptcy court determined that the Original Application was untimely, and no cause was established as to why the court should permit Desormeaux to tardily file the Application; the court found that the Supplemental Application could not be approved as a matter of law. The Court denied Appellant's motion to continue as moot because the Supplemental Application could not be approved as a matter of law.

The Trustees maintain that there were no "new factual issues" raised for the first time and it was Desormeaux's burden in the first instance to establish factual support for its requested relief—administrative expense priority designation. The Trustees note that Desormeaux had two years from the date of filing its Original Application to develop whatever factual support it believed necessary. At the hearing, Desormeaux requested that the hearing continue as to the legal issues. The bankruptcy court then ruled on the Applications based solely on the legal issues. Therefore, the Court finds no abuse of discretion with the Bankruptcy Court's ruling denying the motion to continue and further discovery.

## CONCLUSION

For the reasons set forth above, the Court finds no abuse of discretion as to the bankruptcy court's ruling that Desormeaux's Original Application was untimely, and that Desormeaux failed to show cause for its delay in filing the Application. The Court further find that there was no clear error by the bankruptcy court in finding that Desormeaux failed to show a substantial contribution that would benefit the estate.

The Court also finds no error in the bankruptcy court's ruling that Desormeaux's Supplement Application was barred by law, specifically finding that a "substantial

contribution" type of claim is not allowable as an administrative expense incurred during a Chapter 7 proceeding. The Court further finds no abuse of discretion by the bankruptcy court as to its decision to deny the motion for continuance of the hearing on the Applications for further discovery as to factual issues. Accordingly,

**IT IS ORDERED** that the Appeal by Ronnie Desormeaux, LLC is hereby **DENIED,** and the rulings of the bankruptcy court are hereby **AFFIRMED.**

**THUS DONE AND SIGNED** in Chambers on this 7th day of May, 2021.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**